**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

PAUL CAPUTO,

                Plaintiff,              Civil Action No. _____

v.

EISAI, INC., KIMBERLY A. ONAL, JOHN
DOES 1-10, ABC CORPS 1-10,            **NOTICE OF REMOVAL**

                Defendants.

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
       COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Eisai Inc. and Kimberly A. Onal (collectively, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby remove this matter to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Essex County. The grounds for removal are as follows:

<u>**BACKGROUND**</u>

1.     Pursuant to Local Civil Rule 10.1(a), the addresses of the named parties are as follows:

a) Plaintiff Paul Caputo states in his Complaint that he resides at 6757 298th Avenue N, Clearwater, Florida 33760. Plaintiff is represented by Kipnis Law Offices, 280 Medford-Mt. Holly Road, Medford, New Jersey, 08055. *See* Compl., at 1.

b) Defendant Eisai Inc. ("Eisai") is incorporated in the State of Delaware and has its principal place of business in the State of New Jersey. Eisai is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

c) Defendant Kimberly A. Onal resides in the State of New Jersey, and is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

## PROCEDURAL HISTORY

2. Plaintiff commenced this action on December 19, 2022, by filing a Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Law Division, Essex County, captioned as *Paul Caputo v. Eisai Inc., et al.,* Docket No. ESX-L-007512-22 ("State Court Action"). In his Complaint, Plaintiff asserts claims against Defendants alleging violations of the New Jersey Law Against Discrimination ("LAD") (Count One), Title VII of the Civil Rights Act of 1964 (Count Two), the New Jersey Conscientious Employee Protection Action ("CEPA") (Count Three), common law claims for wrongful termination (Count Four), and common law claims for unjust enrichment (Count Five). A copy of the Complaint and accompanying Civil Case Information Statement are attached as **Exhibit A**.

3. On December 20, 2022, the Superior Court of New Jersey issued a Track Assignment Notice. A copy of the Track Assignment Notice is attached as **Exhibit B**.

4. Defendants' counsel accepted service on behalf of Defendants effective February 16, 2023. A copy of the Acknowledgment of Service is attached as **Exhibit C**.

5. No other proceedings have been held in the Superior Court of New Jersey.

### Grounds for Removal

#### *Federal Question Jurisdiction*

6. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.     Federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8.     Defendants may remove this case to this Court because Plaintiff in Count Two of the Complaint asserts a claim that arises under a federal statute, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. ¶ 2000e.

9.     Plaintiff alleges in Count Two that Defendants violated Title VII by denying Plaintiff's request for an accommodation and terminating Plaintiff's employment.

10.    Plaintiff's remaining claims, Counts One, Three, Four, and Five, assert that Defendants violated the LAD, CEPA, and the common law by denying Plaintiff's request for an accommodation and terminating Plaintiff's employment.  This Court has diversity jurisdiction over those claims under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, as set forth in Paragraph 1 above.  This Court also would have supplemental jurisdiction over these claims as they are related to Plaintiff's federal Title VII claim in Count Two such that they "form part of the same case or controversy," because those state-law claims are also premised on allegations that Defendants denied Plaintiff's request for an accommodation and terminated Plaintiff's employment.  *See* 28 U.S.C. § 1367(a).

## Venue

11.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and division embracing the Superior Court of New Jersey, Essex County, where Plaintiff originally

filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.  *See* Compl. ¶¶ 1, 2, 6.

### Timing of Removal

12.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court because 30 days have not expired since Defendants accepted service of the Complaint effective February 16, 2023.  All Defendants consent to the removal of this action.

### Conclusion

13.     This action is hereby removed to the United States District Court for the District of New Jersey in accordance with 28 U.S.C. §§ 1331, 1441, and 1446.

14.     According to the provisions of 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal and incorporate by reference copies of all of the process, pleadings, and orders served on Defendants before the removal of this action, if any.

15.     By filing a Notice of Removal, Defendants do not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

16.     Further, Defendants respectfully request an opportunity to submit additional evidence, pleadings, or argument if Plaintiff challenges this Notice of Removal and such becomes necessary.

17.     As required by 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal will be promptly served on counsel for Plaintiff, and a copy of the Notice of Removal will be filed promptly with the Clerk of the Superior Court of New Jersey, Essex County.

**WHEREFORE**, in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, Defendants hereby remove this case from the Superior Court of New Jersey, Law Division, Essex County, and this Court has jurisdiction over further proceedings.

5

Dated:  March 16, 2023                                    **MORGAN, LEWIS & BOCKIUS LLP**

                                                         */s/ Thomas A. Linthorst*
                                                         Thomas A. Linthorst
                                                         Needhy Shah
                                                         502 Carnegie Center
                                                         Princeton, New Jersey 08540
                                                         thomas.linthorst@morganlewis.com
                                                         needhy.shah@morganlewis.com
                                                         Phone: (609) 919-6600
                                                         Fax: (609) 919-6701

                                                         *Attorneys for Defendants Eisai Inc.*
                                                         *and Kimberly A. Onal*

5

## **CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the state court action which is being removed.

Dated: March 16, 2023                                   */s/ Thomas A. Linthorst*
                                                        Thomas A. Linthorst

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing Notice of Removal with attached exhibits was electronically filed via the Court's ECF filing system and served by email on the following counsel for Plaintiff:

Daryl J. Kipnis
Kipnis Law Offices
280 Medford-Mt. Holly Road
Medford, New Jersey, 08055
*Attorneys for Plaintiff*


Dated: March 16, 2023                    */s/ Thomas A. Linthorst*
                  Thomas A. Linthorst

7